OPINION OF THE COURT
David B. Saxe, J.
Plaintiff, a nonstakeholder, moves for an order, pursuant to CPLR 1006 (subd [f]) directing the defendant-inter-pleader-plaintiff to deposit into court the stake consisting of mortgage payments allegedly due and owing to her, against which claims have also been made by other individuals. After commencement of the action defendant interposed an answer containing an affirmative defense of payment and served a defensive interpleader complaint upon the named interpleaded defendants.
Defendant stakeholder has not applied to the court for an order of discharge and has not deposited the stake into court. Plaintiff brings on this motion to compel the defendant to deposit the stake into court. The stakeholder resists the application on the grounds that it and not the movant is a proper party to seek the relief.
A review of CPLR 1006, the controlling statute, and the legislative history behind it leads this court to the conclu *271 sion that the stakeholder is the only party statutorily authorized to bring on this motion.
This court has found no authority in favor of or in opposition to the relief requested by a nonstakeholder. CPLR 1006 governs the use and application of the inter-pleader mechanism designed to resolve multiple claims on one source of funds or property.
CPLR 1006 (subds [f], [g]) sets forth the provisions dealing with the deposit of money or property into court. They provide in pertinent part as follows:
“(f) Discharge of stakeholder. After the time for all parties to plead has expired, the stakeholder may move for an order discharging him from liability in whole or in part to any party * * * The court may grant the motion and require payment into court, delivery to a person designated by the court or retention to the credit of the action * * *
“(g) Deposit of money as basis for jurisdiction. Where a stakeholder is otherwise entitled to proceed under this section for the determination of a right to, interest in or lien upon a sum of money * * * he may move, either before or after an action has been commenced against him, for an order permitting him to pay the sum of money or part of it into court or to a designated person or to retain it to the credit of the action.” (Emphasis supplied.)
It is clear that a reasonable construction of these two subdivisions is that only a stakeholder has the option to apply for the order of discharge or to deposit money as a basis of jurisdiction.
Further, the order of discharge may be granted on condition that the money be paid into court as a condition for the insulation of the stakeholder from further liability. The statute specifically and expressly designates the stakeholder to be the only proper applicant and is silent as to others. Had the Legislature intended for nonstakeholders to have this right they would have expressly provided for it.
Additionally, it is to be noted that the stakeholder is given discretion as to whether or not it may wish to seek an order of discharge and CPLR 1006 (subd [f]) further provides it is discretionary with the court as to whether or not *272 the granting of the order will be conditioned upon the stakeholder’s deposit of money into court.
Here, the stakeholder has not sought an order of discharge and has indicated that it intends to remain in the case until the rights of the respective parties are determined at the end of the litigation. It also has interposed an affirmative defense of payment to the plaintiff and that issue must be litigated.
Plaintiff will not be permitted to use the interpleader device as a means of accelerating judgment by forcing the interpleader-plaintiff to deposit contested funds into court.
In view of the foregoing, the motion is denied.